UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMIL DINSIO,

             Petitioner,

       v.

E.R. DONNELLY,

             Respondent.
_____

AMIL DINSIO,

             Petitioner,

       v.

ANTHONY ZON,

             Respondent.
_____

**REPORT AND
RECOMMENDATION**

03-CV-779
(LEK/VEB)

04-CV-013

## INTRODUCTION

Petitioner Amil Dinsio commenced the above actions, which have been consolidated, seeking habeas corpus relief under 28 U.S.C. § 2254. On May 7, 2007, the cases were referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for a report and recommendation. (Docket No. 74). On September 25, 2007, this Court filed a Report & Recommendation, recommending that Petitioner's requests for habeas relief be denied. (Docket No. 79). Petitioner, through counsel, interposed Objections to the Report &

Recommendation. (Docket No. 86).  On November 26, 2007, the Honorable Lawrence E. Kahn, United States District Judge, entered an Order adopting the Report and Recommendation and dismissing the petition for habeas relief. (Docket No. 87).

Petitioner appealed to the United States Court of Appeals for the Second Circuit, requesting a certificate of appealibility. (Docket No. 89).  On September 23, 2008, the Second Circuit denied Petitioner's request.  The Second Circuit's Mandate was filed on October 24, 2008. (Docket No. 92).

On March 9, 2011, Petitioner, acting *pro se* filed a Motion to Vacate the Second Circuit's Mandate. (Docket No. 95).  Petitioner asserts that an investigation in 2010 revealed evidence that the East Greenbush Police Department, Rensselaer County District Attorney's Office, and police dispatchers used the Department's "radio computer to record fabricated phone calls." (Docket No. 95, at p. 2).  This Court previously rejected Petitioner's argument that his conviction was based upon altered audiotape recordings of police radio transmissions, finding that the allegation was unsupported by any evidence.  Petitioner now seeks to offer evidence and arguments in support of his fabrication claim.

**ANALYSIS**

This Court recommends that Petitioner's Motion be transferred to the Second Circuit in the interests of justice.  Petitioner's *pro se* motion is, for all practical purposes a request to file a second or successive habeas corpus application pursuant to 11 U.S.C. § 2244.  It seeks relief from the same conviction challenged in his first habeas petition based upon newly developed evidence in support of his claims.  However, this Court has no jurisdiction to hear a second or successive habeas request absent authorization from the Second Circuit. See 11. U.S.C. §  2244 (b)(3)(A).  "[T]he authorization requirement [for second or

2

successive habeas petitions] is jurisdictional and therefore cannot be waived." Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir.2003).

The Second Circuit has held that transfer is the appropriate remedy where, as here, a petitioner seeks to file a second or successive habeas application without having obtained the requisite Circuit Court approval. See Liriano v. United States, 95 F.3d 119 (2d Cir.1996)("[W]hen a second or successive petition ... is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.").

To obtain relief from the Second Circuit, Petitioner will need to make a "prima facie showing" that the claim presented in this new motion was not presented in his prior request for relief and that (1) the "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244 (b)(2).

Although this Court has serious doubts regarding whether Petitioner even remotely meets this standard, transfer appears to be the preferred procedure in these matters and this Court accordingly recommends that result. See, e.g., Moore v. Sears, No. 07-CV-926, 2007 WL 2891504, at *1 (N.D.N.Y. Sept. 28, 2007); Oyague v. Artuz,No. 98-CV-6372, 2008 WL 5395748, at *8 (E.D.N.Y. Dec. 12, 2008)("In general, it is more conducive to efficiency

to transfer a successive petition filed in the district court to the Court of Appeals. This practice avoids the burden of requiring a prisoner with limited legal resources to draft a new set of papers to be submitted to the Court of Appeals after dismissal by the district court."); Harrison v. Senkowski, 247 F.R.D. 402, 419 (E.D.N.Y. 2008) ("It seems unlikely that the Court of Appeals will now permit a successive petition in these circumstances. Nevertheless, in view of this court's lack of jurisdiction transfer is appropriate.").

**CONCLUSION**

For the reasons stated above, the Court recommends that Amil Dinsio's Motion to Vacate the Second Circuit's Mandate be transferred to the United States Court of Appeals for the Second Circuit.

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:    March 17, 2011

Syracuse, New York

**V. ORDERS**

4

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

5

March 17, 2011

Victor E. Bianchini
United States Magistrate Judge